## M. M. Morrissey v. Jennie Rogers.

1. VERDICT—*when, not disturbed.* A verdict based upon conflicting evidence will not be disturbed unless clearly and manifestly against the weight of the evidence.

Action commenced before justice of the peace. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

D. D. DONAHUE, for appellant.

EDMUND O'CONNELL, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action originally brought before a justice of the peace, by the appellee against the appellant, to recover money alleged to be wrongfully retained by the appellant. Upon appeal to the Circuit Court, where the cause was tried by the judge thereof, without a jury, judgment was rendered against the defendant for the sum of $160, to reverse which he appeals.

The material facts as disclosed by the record are substantially as follows: Appellee was the owner of an undivided one-fourth interest in 192 acres of land, subject to a mortgage for $1,500, which she desired to sell. She executed to appellant a power of attorney, authorizing him to sell and convey the land, to mortgage or partition the same, and to commence and prosecute all suits necessary for that purpose. The power of attorney also authorized the appellant to retain for himself a reasonable compensation for the services rendered, and the amount of his expenses.

The land was finally sold for the sum of $3,492. Appellant then drew and executed a deed for the land, paid off the mortgage with accrued interest, and, after deducting the sum of $208.52, being six per cent of the amount realized, as compensation for his services, paid the balance,

$1,700.58, to appellee. Appellee then brought suit to recover the amount retained by him.

Appellant testified that subsequent to the making of the power of attorney he discussed with appellee the question of the amount of compensation he should receive for his services, when rendered; that he told her that his charges for selling the land would be six per cent of the amount realized, to which appellee agreed.

It is not claimed that appellant performed any other services than selling the land, preparing and executing the deed, collecting the consideration, paying the mortgage and turning the balance over to appellee. We think the trial judge was warranted, under the evidence, in finding that no compensation was agreed upon between the parties other than by the power of attorney. Appellant's testimony upon the question, while not contradicted by appellee, who did not testify on the trial, is unsatisfactory, indefinite and somewhat contradictory. It is, in fact, somewhat doubtful, under the evidence, whether appellant or one Donahue effected the sale of the land in question. Be that as it may, the reasonable value of all the services claimed by him to have been rendered, is shown by the evidence to be but from $25 to $48, the latter sum being the difference between the amount retained by him, and that for which the court rendered judgment.

We are of opinion that appellant has been well remunerated for his services in the matter.

The judgment will be affirmed.

*Affirmed.*